UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDREA ROWE-LINTON,

                        Plaintiff,
      - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JOHN/JANE DOE(S) # 1-15,

                        Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

      Plaintiff, by her attorneys, **NASS & ROPER LAW, LLP** complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

      1.    That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000.

      2.    That at all times herein mentioned, Plaintiff, **ANDREA ROWE-LINTON**, was, and still is a resident of the City, County and State of New York.

      3.    That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK,** was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

      4.    That prior hereto on January 26, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty

(30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK,** had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and Plaintiff, **ANDREA ROWE-LINTON**, will so appear and submit to such examination on April 4, 2012.

6. That this action is being commenced within the time allowed by law for institution of the action.

7. That, upon information and belief, at all times mentioned herein, Defendant, **CITY OF NEW YORK**, owned and operated a Police force known as the **NEW YORK CITY POLICE** DEPARTMENT, which includes the "75th Precinct," and whose Police headquarters are located at 1000 Sutter Avenue, Brooklyn, NY 11208.

8. That, upon information and belief, at all times herein mentioned, "JOHN/JANE DOE(S) # 1-15," a fictitious name whose identity is currently unknown, was employed as a Police Officer, Detective, or in some other capacity as an agent and/or employee of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**, and assigned to and worked at the "75th Precinct," which had Police headquarters located at 1000 Sutter Avenue, Brooklyn, NY 11208.

9. That, upon information and belief, at all times herein mentioned, the individuals JOHN/JANE DOE(S) # 1-15," as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,**

underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK.**

10. That, upon information and belief, at all times herein mentioned, Defendant **NEW YORK CITY POLICE DEPARTMENT,** an agency, department, and/or subsidiary of Defendant, **CITY OF NEW YORK**, as part of its program for new Police officers, detectives, and other agents and/or employees, trained those individuals in the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime and when, if ever, an arrest and/or violent physical force is warranted.

11. That on or about January 8, 2012, at approximately 8:30 p.m., Plaintiff, **ANDREA ROWE-LINTON**, was outside her residence and lawfully present in the vicinity of 640 Elton Street in Brooklyn, New York, and in the State of New York when Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** emerged from inside the 1st floor apartment after searching the entire dwelling.

12. That on or about January 8, 2012, at the above-mentioned time and location, while Plaintiff, **ANDREA ROWE-LINTON**, and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** were present, Plaintiff attempted take a picture of the officer's badges, and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** knocked the phone from Plaintiff's hands and threw her to the ground causing injury.

13. That at the above-mentioned time and location, after Plaintiff, **ANDREA ROWE-LINTON**, was thrown to the ground, Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** handcuffed Plaintiff, dragged her over the concrete and

placed her in a van for approximately two (2) hours. Neighbors both witnessed the attack and took photos of the incident.

14. That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused foreign object(s) to come into contact with Plaintiff's face and body.

15. That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused Plaintiff to the ground.

16. That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, forced Plaintiff to the ground, and continued to cause part(s) of their bodies to come into contact with plaintiff.

17. That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused their hands to come into contact with Plaintiff's body and particularly her torso.

18. That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused foreign object(s) to come into contact with Plaintiff's body.

19. That on or about January 9, 2012, at the above-mentioned time and location, Plaintiff, **ANDREA ROWE-LINTON**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** drove Plaintiff to Central booking and put her in a holding cell for approximately 26 hours.

20. That at the above-mentioned time and location, Police Officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** released Plaintiff out the side door after approximately and she was told to go home. At which time Plaintiff, **ANDREA ROWE-LINTON,** immediately went to the hospital to seek treatment.

21. That on or about January 8, 2012, at the above-mentioned time and location, said Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **ANDREA ROWE-LINTON,** against her will despite the fact that Plaintiff had in no way alluded to physical violence, nor did Plaintiff's conduct suggest that she posed a physical threat to the aforementioned Police officers at any time while she was rightfully within her dwelling and premises.

22. That at the above-mentioned date and location, while Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **ANDREA ROWE-LINTON,** against her will without just cause or reason, and/or otherwise engaged her in a forceful and violent manner, said individuals were acting in the scope of their employment for Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

23. That the aforesaid acts and/or omissions of the Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** resulted in the unlawful and unconsented touching of Plaintiff's, **ANDREA ROWE-LINTON**, body in a forceful, violent, and harmful manner by Defendants', **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, Police Officer(s), Detectives, and/or other agents and/or employees, while in the scope of their employment with Defendants, constituting unconsented contact, excessive use of force, intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiff and the general public, and

Plaintiff's cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted excessive and unwarranted force upon Plaintiff, all of which was totally without Plaintiff's consent, resulting in physical injuries as well as profound psychological trauma resulting in permanent psychiatric residuals, manifestations and overlay with periods of depression, which will have life-long effects upon Plaintiff including but not limited to her ability to resume a normal and productive life, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth herein below.

24.     That Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto:  In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees;  in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees;  in failing to monitor the subject situation; in using excessive force to clear a crowded area; in negligently conducting police duties; in failing to properly react to an individual who makes verbally disparaging remarks but otherwise presents no physical threat; in causing unnecessary physical contact with an individual who makes verbally disparaging remarks but otherwise presents no physical threat, and all of defendants acts and/or omissions constituting negligence

6

were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

25. That at all times mentioned herein, and based particularly on the January 8, 2012 events as more fully set forth hereinabove, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the foregoing events of the individuals "JOHN/JANE DOE(S) # 1-15," and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

26. That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with otherwise lawfully present citizens, and other related inappropriate behavior.

27. That, upon information and belief, at all times mentioned herein and particularly prior to January 8, 2012, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future.

28. That, upon information and belief, at all times mentioned herein, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to

adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of violent and forceful altercations with lawfully present pedestrians, including Plaintiff, and other related inappropriate behavior.

29. That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** had actual as well as constructive notice and knowledge concerning the dangerous propensities and use of excessive force of its Police Officer(s), Detectives, and/or other agents and/or employees prior to January 8, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

30. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in her enjoyment of life.

31. That as a result of the foregoing, the Plaintiff, **ANDREA ROWE-LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR ASSAULT AND BATTERY

32. That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

33. That on January 8, 2012 at approximately 8:30 p.m. while Plaintiff was a pedestrian lawfully present in the vicinity of 640 Elton Street in the City and State of New York, Police Officer(s), Detectives, and/or other agents and/or employees, an employee of Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** while acting in the scope and furtherance of their employment, unlawfully touched Plaintiff, **ANDREA ROWE-LINTON,** in an unconsented manner, including, upon information and belief, causing numerous forceful and violent encounters with Plaintiff's body while Plaintiff attempted to determine what was occurring at her dwelling.

34. That said forceful and violent encounters included, but were not limited to, forceful contact between the knee of at least one uniformed police officer and Plaintiff's torso; forceful contact between the hands of at least one uniformed police officer and Plaintiff's hands; and forceful contact between the hands of at least one uniformed police officer and Plaintiff's body.

35. That on January 8, 2012 at approximately 8:30 p.m., Police Officer(s), Detectives, and/or other agents and/or employees, an employee of Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** assaulted and battered Plaintiff, **ANDREA ROWE-LINTON**, while in the scope and furtherance of their employment, with force and violence, which Plaintiff observed and interpreted with great apprehension and fear, all against Plaintiff's will.

36. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON,** has been caused to sustain serious permanent personal injuries

of body and mind as well as special damages and loss and/or diminution in her enjoyment of life.

37. That as a result of the foregoing, the Plaintiff, **ANDREA ROWE-LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE ARREST

38. That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

39. That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a Police Vehicle but was never read her *Miranda* rights and was not informed that criminal charges were to be brought against her.

40. That, at the above-mentioned date and location, after Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a Police Vehicle, she was taken to the 75th Precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, located at 1000 Sutter Avenue, Brooklyn, NY 11208, where she was confined in a prison cell.

41. That Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW**

**YORK,** arrested Plaintiff, **ANDREA ROWE-LINTON,** but did not officially charge her with any crime. Plaintiff, **ANDREA ROWE-LINTON,** was then transferred to Central Booking where she was released after approximately twenty-six (26) hours.

42.   That despite the fact that there was no meritorious basis for which Plaintiff, **ANDREA ROWE-LINTON,** a victim of assault and battery by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** could be detained, Defendants nonetheless detained Plaintiff.

43.   That on or about January 8, 2012, at approximately 8:30 p.m., Police officers, detectives, and/or other agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** accused and arrested Plaintiff, **ANDREA ROWE-LINTON,** of having committed a criminal act(s).

44.   That, at all times mentioned herein, the individual(s), "JOHN/JANE DOE(S) # 1-15," and all other individuals who partook in detaining and arresting Plaintiff, **ANDREA ROWE-LINTON** were Police officers, detectives, agents and/or employees of Defendant(s) **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** acting within the scope of their employment with Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

45.   That, upon information and belief, at no time on or about January 8, 2012, did Plaintiff commit any type of assault, resist arrest, or conspire to commit same.

46.   That no facts regarding the incident of January 8, 2012, or thereafter support the theory that Plaintiff, **ANDREA ROWE-LINTON**, committed any type of assault, resist arrest, or conspire to commit same.

47. That on or about or about January 8, 2012 at approximately 8:30 p.m., Plaintiff was, without reason or just cause, arrested by Police officer(s), detective(s), agent(s) and/or employee(s) of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, acting in the scope of their employment with said Defendants.

48. That, under the circumstances herein, the Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** falsely arrested, Plaintiff, **ANDREA ROWE-LINTON**.

49. That all of the foregoing have resulted in Plaintiff sustaining emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity.

50. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON,** has been caused to sustain serious permanent personal injury of mind as well as special damages and loss and/or diminution in her enjoyment of life.

51. That as a result of the foregoing, the Plaintiff, **ANDREA ROWE-LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE IMPRISONMENT

52. That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

53. That, upon information and belief, on or about January 8th 2012, Plaintiff, **ANDREA ROWE-LINTON**, was initially detained at a precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, where she remained in custody for approximately twenty-four (24) hours.

54. That, upon information and belief, on or about January 9th 2012, Plaintiff, **ANDREA ROWE-LINTON**, was detained initially at the 75th Precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, and was subsequently transferred to Central Bookings where she remained in custody for approximately another twenty-six (26) hours.

55. That as a result of the foregoing, Plaintiff **ANDREA ROWE-LINTON** was held, detained and incarcerated by Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, against her will and without just or any cause.

56. That Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, intentionally confined Plaintiff, **ANDREA ROWE-LINTON**, within definite physical boundaries of a police precinct, as well as a jail cell, and/or other place of incarceration while she was aware of such confinement and had no reasonably means to contest said unlawful detention.

57. That as a result of the foregoing, Plaintiff, **ANDREA ROWE-LINTON**, was FALSELY IMPRISONED by the defendants herein, against her will and without just or any cause.

58. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in her enjoyment of life.

59. That as a result of the foregoing, the Plaintiff, **ANDREA ROWE-LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

61. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON** suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

62. That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in her enjoyment of life.

63. That as a result of the foregoing, the Plaintiff, **ANDREA ROWE-LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AND AS FOR A SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

64. That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

65. That at all times herein mentioned, Defendants, **CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,** their agents and/or employees, were in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York.

66. That Defendants, "in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York," failed to follow the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to clear a crowded area, including handling potentially insubordinate citizens and/or citizens who verbally express their insubordination, and when, if ever, violent physical force and arrest is warranted, and said failures were committed by Defendants in their conduct towards, and treatment of Plaintiff, **ANDREA ROWE-LINTON,** despite knowing that they were required to follow proper procedures.

67. That Defendants, "in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York,"

15

failed to follow the proper procedures by which to decide whether to bring criminal charges and/or continue to prosecute a case based upon the evidence in existence, and failed to follow the proper procedure for quickly releasing an individual and dismissing criminal charges when a prosecution was made in error, and said failures were committed by Defendants in their conduct towards, and treatment of Plaintiff, **ANDREA ROWE-LINTON,** despite knowing that they were required to follow proper procedures.

68.     That Defendants, in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, based on the foregoing, breached and/or ignored their duties, training guidelines, safety standards and other protocols, which was wholly improper.

69.     That despite all facts and legitimate evidence point to the reality that on or about January 8, 2012, Plaintiff, **ANDREA ROWE-LINTON,** was lawfully present in the vicinity of 640 Elton Street in Brooklyn, New York, and in the State of New York, and at no time at this date and location did Plaintiff commit any type of assault, resist arrest, or conspire to commit same, the Defendants herein failed to follow the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to clear a crowded area, including handling potentially insubordinate citizens and/or citizens who verbally express their insubordination, and knowing when, if ever, violent physical force is warranted, in their conduct towards, and treatment of Plaintiff, **ANDREA ROWE-LINTON,** despite knowing that same was required, and such proper procedures and protocol were ignored by Defendants herein.

70.     That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York,

failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **ANDREA ROWE-LINTON**, which was violative of Plaintiff's, **ANDREA ROWE-LINTON**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

71.     That by reason of the foregoing, Plaintiff, **ANDREA ROWE-LINTON**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of her rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

72.     That as a result of the foregoing, Defendants herein, and/or by way of their agents and/or employees, violated Plaintiff's, **ANDREA ROWE-LINTON,** civil and constitutional rights, causing her to sustain emotional and/or mental distress and related residuals.

73.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **ANDREA ROWE-LINTON,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in her enjoyment of life.

74.     That as a result of the foregoing, the Plaintiff, **ANDREA ROWE-LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**WHEREFORE**, Plaintiff, **ANDREA ROWE-LINTON,** demands judgment against Defendants, **CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
April 16, 2012

                                      Yours, etc.

                                      _____/S_____
                                      EVAN H. NASS, ESQ. (EN0857)

## **ATTORNEY'S VERIFICATION**

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, ANDREA ROWE-LINTON. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
                 April 16, 2012

                                                          _____/S_____
                                                          EVAN H. NASS, ESQ. (EN0857)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ANDREA ROWE-LINTON,**

                                         **Plaintiff,**

  – against –

**CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JOHN/JANE DOE(S) # 1-15,**

                                         **Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

**NASS & ROPER, LAW, LLP.**
*Attorneys for Plaintiff*
**ANDREA ROWE-LINTON**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
Fax: **(718) 775-3246**[*]

---

[*] Not for service of papers.